George FREEMAN, Plaintiff—
Appellant,

v.

Jane HEIDERICH; et al.,
Defendants—Appellees.

No. 03–35674.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

George Freeman # 166, Seattle, WA, pro se.

David Charles Campbell, Schwerin, Campbell & Barnard, LLP, Seattle, WA, for Defendant–Appellee.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

George Freeman appeals pro se the district court's dismissal of his complaint alleging that his landlord discriminated against him and violated various federal and state statutes. We have jurisdiction under 28 U.S.C. § 1291. We review the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

district court's dismissal de novo and we may affirm on any basis fairly supported by the record. *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.2004). We review an award of attorneys fees for abuse of discretion. *Karam v. City of Burbank,* 352 F.3d 1188, 1192 (9th Cir.2003). We affirm in part, vacate in part, and remand.

■ Freeman's complaint, liberally interpreted, failed to allege the essential elements of a civil rights claim over which the district court had subject matter jurisdiction. *See Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997). Freeman's action was also barred by the doctrine of res judicata. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 322 F.3d 1064, 1077 (9th Cir.2003).

■ The district court abused its discretion when it awarded attorney's fees in the amount of $4,047.50, because it failed to state any basis for this award under the federal, state and county statutes and ordinances implicated in Freeman's suit and failed to provide a "concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). We therefore vacate the award and remand for further consideration.

■ Freeman's contention that District Judge Zilly should have recused himself is without merit, because Freeman requested recusal only after receiving an unfavorable judgment. *See E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1294–95 (9th Cir.1992).

Freeman's remaining contentions are without merit.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

